Dewey, J.
Assuming the facts to be, as they purport to have occurred in the recital in this bill of exceptions, it was competent for the defendant to have asked a deduction from the note, to the amount of all such overcharges in price for boards delivered, and also a deduction for all charges for boards that did not correspond in quality with the lumber bargained for. Under our liberal practice in this respect, the defendant might, by way of recoupment, have had the benefit of a deduction from the amount of the note, to the full extent of all such overcharges and fraudulent sales. Harrington v. Stratton, 22 Pick. 510. To the extent of such claim well sustained by proof, it would appear, that the consideration of the note had failed, and to that extent a deduction should be made from it. The defendant, however, upon the trial, asked for no deduction on account of such errors and overcharges; but insisted that the note was wholly void, by reason of the plaintiff’s fraudulently overcharging the prices in certain items of the bill rendered, and fraudulently substituting, to a small extent, boards inferior in quality to those bargained for.
That a note may be wholly avoided by reason of fraud in obtaining the same, or when the consideration is illegal, is doubtless true; but as it seems to us, in the case stated in the bill of exceptions, the fraud was in the account rendered. This account consisted of more than twenty different items, a very large proportion of which was correctly charged, and the payment for them conceded to be due to the plaintiff; a bill with all the items, and prices charged, was placed in the hands of the defendant to examine, who thereupon gave the note for the amount of the whole bill rendered, after making some few deductions for charges for removing the lumber.
Upon this state of the case, and upon the specifications of defence filed by the defendant, the instructions given by the Dresiding judge were quite as favorable to the defendant as the rules of law would admit. The jury were instructed, *30 “ That if the note was obtained by fraud, it was wh oily void and could not be enforced; and if the plaintiff concealed or endeavored to conceal from the defendant the knowledge of such overcharge or substitution of an inferior article, this would be evidence tending to establish fraud in the obtaining of the note ; but if the note was not obtained by the plaintiff by fraud, but was obtained fairly by him of the defendant, the defendant could not avoid it by showing that the plaintiff had, before giving up the note, made fraudulent charges against him, &h” These and the more extended instructions were, we think, sufficiently favorable for the defendant. His duty was to have objected to the charges as exhibited on the bill rendered, having the opportunity to do so, and not voluntarily to have given his promissory note for the same. If he had contested the original account thus rendered, he could successfully have resisted payment only as to those items which were overcharged, and as to those portions of the charges where inferior lumber was substituted. Why should the defendant be placed on better ground by reason of his having, after the bill was rendered, given in payment therefor his promissory note ? Under the old legal doctrine, that you could not mitigate the damages by showing that the consideration had failed in part, or that the note was given for an article, in reference to the value or quality of which there had been false representations by the vendor, it would have been a more reasonable and perhaps necessary result, that if part of the consideration had failed through the fraud of the plaintiff, the plaintiff should not recover at all upon the note. But under the decisions of this court, it being competent, in 'all cases, for the injured party to avail himself, in reduction of damages, of any such partial failure oi consideration, there seems to be no necessity or any sound principle, which requires us to hold the entire note void upon proof of a partial failure of consideration, when the note itself was not obtained by fraud.

Exceptions overruled.